IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WISCONSIN ARCHERY PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GARMIN INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 24-2076-JAR-ADM |

**MEMORANDUM AND ORDER**

This patent infringement action presently comes before the Court on Defendant Garmin International Inc.'s Motion to Dismiss (Doc. 8) on the basis of collateral estoppel. The motion is fully briefed and the Court is prepared to rule. For the reasons set forth below, the Court **denies** the motion.

I. **Background**

The following facts are undisputed. Plaintiff Wisconsin Archery Products, LLC develops and sells archery equipment, and it owns all rights, title, and interest in U.S. Patent 8,316,551 ("the Patent"), entitled "Auto-Correcting Bow Sight." In 2018, Plaintiff's then-licensee, Burris Company, Inc. ("Burris"), brought a patent infringement action against Defendant Garmin International, Inc. In response to the suit, Defendant initiated an *inter partes* review ("IPR") of the Patent in the United States Patent and Trademark Office ("PTO"), and Plaintiff participated in that proceeding and defended the Patent's validity. The PTO eventually found that the challenged claims of the Patent (Claims 1–2, 4–5, 7–9, 12–13, 20–26) were unpatentable as obvious over prior art. Based on this ruling by the PTO, Burris dismissed its suit against Defendant.

Plaintiff then initiated an *ex parte* reexamination ("EPR") of the Patent in the PTO, in which Plaintiff proposed amended claims. The PTO allowed the new claims over the prior art, and it issued a reexamination certificate for the Patent with Claims 27–66 replacing the cancelled original Claims 1–26. Plaintiff subsequently brought the present action, by which it asserts Defendant infringed the new claims of the Patent. Defendant now moves to dismiss the action on the basis of collateral estoppel, relying on its argument that the PTO's original adjudication of the validity of the Patent in the IPR precludes the litigation of the validity of the Patent in the present action.

## II.  Applicable Standards

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). The Court will dismiss a cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face,"[1] or when an issue of law is dispositive.[2] The Court must accept the facts alleged in the complaint as true, even if doubtful in fact,[3] and it must view all reasonable inferences from those facts in favor of the plaintiff.[4]

Defendant argues that Plaintiff's enforcement of the Patent against it is barred by the doctrine of collateral estoppel, otherwise known as issue preclusion. Collateral estoppel protects litigants from the burden of relitigating the same issue with the same party and promotes judicial economy by preventing needless litigation.[5] In a patent case, a court's collateral estoppel

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[3] *See Twombly*, 550 U.S. at 555.

[4] *See Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

[5] *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

determination is generally governed by the law of the regional circuit.[6] Thus, the parties agree that, under the applicable Tenth Circuit standard, the party invoking the doctrine of collateral estoppel has the burden to establish the following elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[7]

The parties further agree, however, that Federal Circuit precedent applies to any aspects involving substantive issues of patent law, including the element concerning whether a particular claim is the same as or separate from another claim.[8] With respect to that first element, the Federal Circuit has set forth the governing standard as follows:

> Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply. If the difference between unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.[9]

### III.   Analysis

In opposing the motion to dismiss, Plaintiff does not dispute that an IPR adjudication by the PTO may serve as the basis for the application of collateral estoppel.[10] Nor does Plaintiff dispute that Defendant has met its burden concerning the second, third, and fourth elements of

---

[6] *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

[7] *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (citations and emphasis omitted).

[8] *See Ohio Willow Wood*, 735 F.3d at 1342.

[9] *Id.* (citations omitted).

[10] *See Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1250–51 (Fed. Cir. 2019).

3

collateral estoppel set forth above, as the IPR proceeding resulted in a final adjudication of the merits of the Patent's validity, and Plaintiff was a party to that proceeding and had a full and fair opportunity to litigate that issue. Thus, the motion turns on whether Defendant has met its burden to establish the first element requiring an identity of issues. As noted above, because the present case involves different patent claims (the new Claims 27–66) that those involved in the IPR (the original Claims 1–26), Defendant may prevail on its motion only by showing as a matter of law at this stage that the differences between the old and new claims do not materially alter the question of the claims' invalidity. The Court concludes, however, that defendant has not met that burden to show as a matter of law that the differences do not materially alter the invalidity analysis.

     In its motion, defendant argued rather conclusorily that the invalidity question is not materially different because the new claims of the Patent are substantively similar to the old claims. Defendant did not undertake any detailed analysis of the new claims in light of the prior art; nor did it attempt to explain specifically how the PTO's own analysis in the IPR concerning obviousness would not be altered by the new claims (even though the PTO did in fact reach the opposite conclusion in the EPR with regard to the new claims). Rather, Defendant limited its analysis to a side-by-side comparison of the language of two old claims to that of one new claim, Claim 64. Defendant noted in its reply that its discussion of Claim 64 essentially mirrored the complaint, which among the new claims discussed only Claim 64 as an exemplar claim. That is a false equivalency, however: Defendant has not argued or shown that Plaintiff was required to do more to plead infringement based on all of the new claims. In contrast, Defendant is required here to show that the invalidity issue has not been materially altered, and that burden necessarily

requires some analysis of all of the new claims to show that no changes were significant in that regard.

Defendant did offer a little more analysis in its reply brief, as it attempted to show that new elements cited by Plaintiff in the response were in fact present in old claims and at issue in the IPR. Defendant has still fallen short of its burden, however. The key to this collateral estoppel determination is *not* whether the changes were sufficient to render the new claims patentable; rather, there is a higher bar for Defendant to establish preclusion here, as the changes cannot even have altered the analysis materially (whether or not the new claims ultimately prove patentable). Defendant has not met its burden at this stage to show as a matter of law that the analysis has not been altered materially. In that regard, the Court notes that evidence—including expert evidence—is not yet available for the Court's consideration, as it will be at the summary judgment and trial stages.[11]

This conclusion is particularly warranted in light of the PTO's decision in the EPR proceeding that, despite the PTO's earlier invalidity finding, the new claims are in fact patentable and not obvious over the same and additional prior art. Defendant insists that this collateral estoppel analysis is for the Court and that the EPR decision is not dispositive on this issue.[12] The Court agrees that Plaintiff has not shown or argued that the PTO's validity finding is dispositive, and Defendant therefore remains free to argue that preclusion applies under the applicable

---

[11] Nor have the parties identified or discussed any issues of claim construction that would need to be resolved by the Court, which issues could be relevant to any invalidity analysis. *See M2M Sols. LLC v. Sierra Wireless Am., Inc.*, No. 14-1102, 2020 WL 7767639, at *5 (D. Del. Dec. 4, 2020) (recommending denial of summary judgment based on collateral estoppel, noting that the different claim construction standards applied by the PTO and the courts may affect the collateral estoppel analysis), *adopted*, 2021 WL 7441706 (D. Del. Mar. 31, 2021).

[12] Defendant also argues in its reply brief that plaintiff has failed to provide any authority allowing one arm of the PTO in the EPR to undo the findings of another arm in the IPR. In this case, however, in the EPR the PTO did not overrule or abrogate the IPR ruling concerning the old patent claims; rather the PTO merely ruled on different, amended claims.

Federal Circuit standard because the invalidity analysis has not been materially altered. The EPR ruling, however, does provide at least some evidence that not only did the changes alter the analysis, they rendered the claims patentable.[13] Defendant notes that in the EPR the PTO did not have the benefit of testimony from Defendant's expert; but that argument confirms that this determination is more appropriately made based on a record that includes expert and other evidence.[14] In light of Plaintiff's undisputed allegation that the PTO has found the new claims to be valid, and in the absence of contrary expert evidence or any detailed analysis of the PTO's two decisions, the new claims, and the prior art, the Court must conclude that Defendant has not shown—at this stage, as a matter of law—that the new claims do not materially alter the invalidity analysis. The Court therefore denies the motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Garmin International Inc.'s Motion to Dismiss (Doc. 8) is **denied**.

**IT IS SO ORDERED.**

Dated: October 28, 2024

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[13] Defendant has not argued or provided authority to suggest that the EPR validity finding would be inadmissible for this purpose or in the case generally.

[14] Defendant relies on *Chrimar Systems Inc. v. Ruckus Wireless, Inc.*, Nos. 16-00186, 16-00558, 16-00624, 16-00897, 2020 WL 4431787 (N.D. Cal. July 31, 2020), in which the court determined that a PTO ruling of invalidity had preclusive effect despite a contrary EPR ruling that the precluded claims were valid. In that case, however, the controlling IPR ruling was issued after the EPR ruling. *See id.* at *5–6. In the present case, the PTO allowed the new claims after—despite—the IPR ruling on the original claims, which suggests that the PTO was able to distinguish the earlier ruling. Moreover, in *Chrimar*, the court made its collateral estoppel determination at the summary judgment stage, *see id.*, while the present case has not advanced beyond the pleading stage.